IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CORNELIUS HARLEY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No.04-1308-KAJ |
| v. | ) | |
| | ) | Trial Jury Demanded |
| WARDEN RAPHAEL WILLIAMS and | ) | |
| C/O CANNON | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT CANNON'S ANSWER TO COMPLAINT

Defendant Cannon, by and through undersigned counsel and pursuant to Federal Rules of Civil Procedure Rules 8(b) & (c), hereby answers the Complaint as follows; unless specifically admitted herein, all allegations made in the Complaint are generally and categorically denied, and although plaintiff has failed to provide allegations in numbered paragraphs, defendant will respond by numbered paragraphs as appropriate:

1.      Admitted that the defendant Mark Cannon Sr., is a correctional officer employed by the Delaware Department of Correction. At all relevant times Officer Canon was assigned to the Howard R. Young Correctional Institution a/k/a Gander Hill, Wilmington, Delaware.

2.      Admitted that at all times relevant to this complaint plaintiff was, and remains incarcerated at Gander Hill prison. Admitted that at all times relevant plaintiff was housed on the 1 Delta pod at HRYCI. Defendant further admits that during the relevant time period of the actions giving rise to the complaint, C/O Cannon supervised

the inmates housed on the 1 Delta pod at HRYCI.

3.      Defendant is without knowledge or information sufficient to admit allegations concerning plaintiff's medical history or course of treatment and medication prescribed.

4.      Admitted that at all times during the course of inmate supervision, among other duties, defendant was responsible for opening and closing inmate cell doors. It is further admitted, during inmate tier supervision defendant announced over the intercom to all inmates on the tier that cells would be opened at 30-minute intervals on every hour.

5.      Denied that defendant ordered plaintiff to lock-in his cell for approximately four and one-half hours on or about August 17, 2004, as punishment for using the bathroom.

6.      Defendant Cannon is without knowledge or information sufficient to admit whether or when a Transition Unit Coordinator came to plaintiff's cell or that she talked to defendant concerning the plaintiff. By way of further answer, this averment is denied and strict proof thereof is demanded.

7.      Denied as a legal conclusion that defendant acted with gross or wanton negligence during his supervision of inmate plaintiff.

8.      Denied as a legal conclusion that defendant engaged in cruel and unusual punishment in connection with the supervision of plaintiff on 1 Delta Pod as alleged in plaintiff's complaint.

9.      Denied as a legal conclusion that defendant acted with deliberate indifference to plaintiff's health and safety needs.

RELIEF REQUESTED

Denied that Plaintiff is entitled to any monetary or equitable relief

## AFFIRMATIVE DEFENSES

1. This action and all claims are barred by Eleventh Amendment immunity.

2. The Defendant is entitled to qualified immunity.

3. This action fails to state a claim upon which relief can be granted.

4. The Plaintiff has failed to exhaust his administrative remedies.

5. As to any claims under state law, the Defendant is entitled to immunity under the State Tort Claims Act, 10 Del. C. § 4001 *et seq*.

6. As to any claims under State law, the Defendant is entitled to sovereign immunity in his official capacity.

7. Negligence is not a cognizable cause of action under 42 U.S.C. § 1983.

8. The Plaintiff's claims are barred by his contributory negligence.

9. The Plaintiff has failed to make proper service of process on defendant, state officer, in accordance with state law procedures.

**WHEREFORE**, Defendant Cannon requests this Honorable Court to enter an Order dismissing the Complaint with prejudice as to all claims and finding against plaintiff and in favor of defendant, and assessing reasonable attorney's fees and costs for this action.

Dated: June 23, 2005

**STATE OF DELAWARE
DEPARTMENT OF JUSTICE**
/s/ Ophelia M. Waters
Ophelia M. Waters, ID#3879
Deputy Attorney General
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
(302) 577- 8400
ophelia.waters@state.de.us

## *CERTIFICATE OF MAILING AND/OR DELIVERY*

The undersigned certifies that on June 23, 2005, she caused the attached *Answer* to be delivered to the following person(s) in the form and manner indicated:

**NAME AND ADDRESS OF RECIPIENT(S):**

Cornelius Harley, Inmate
SBI#00117751
Howard R. Young Correctional Facility (Gander Hill)
1301 East 12th Street
Wilmington, De  19809

**MANNER OF DELIVERY:**

\_\_\_\_\_    One true copy by facsimile transmission to each recipient.

  X        Two true copies by first class mail, postage prepaid, to each recipient.

\_\_\_\_\_    Two true copies by Federal Express.

\_\_\_\_\_    Two true copies by hand delivery to each recipient.

/s/ Ophelia M. Waters
Ophelia M. Waters, ID#3879
Deputy Attorney General
Attorney for Defendant
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
302-577-8400
ophelia.waters@state.de.us