IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CORNELIUS HARLEY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No.04-1308-KAJ |
| v. | ) | |
| | ) | Trial Jury Demanded |
| WARDEN RAPHAEL WILLIAMS and | ) | |
| C/O CANNON | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT RAPHAEL WILLIAMS' MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT OF HIS MOTION
TO DISMISS PURSUANT TO FED.R.CIV.P. 12(c)**

1. Cornelius Harley, (Plaintiff), is an inmate incarcerated within the State of Delaware Department of Correction ("DOC") at the Howard R. Young Correctional Facility (Gander Hill) in Wilmington, Delaware.

2. On or about September 28, 2004 plaintiff's complaint was filed with the Federal District Court for the District of Delaware against the State of Delaware and its' Department of Correction, Warden Raphael Williams and C/O Mark Cannon. (D.I. 2). On or about March 11, 2005, the case was dismissed without prejudice for plaintiff's failure to submit USM Forms within the 120 day time limit required by Fed.R.Civ.P.4(m). (D.I.10). On or about March 15, 2005, by Amended Order the State of Delaware and the Department of Correction were dismissed without prejudice pursuant to Fed.R.Civ.P. 4(m); however, process was ordered served upon defendants Williams and Cannon. (D.I.11).On or about March 24, 2005, a waiver of service was returned executed as to defendant Williams. (D.I.14).

3. Counsel for defendants became aware of plaintiff's complaint on or about May

23, 2005, when it was faxed to her from Gander Hill. To date, the office of the Attorney General has not been served. On or about May 24, 2005, counsel entered an appearance for defendant Williams as well as filed a motion for enlargement of time of thirty (30) days until on or before June 23, 2005, to respond to plaintiff's complaint. (D.I.20). Defendant Williams' motion for enlargement of time was granted on or about May 25, 2005. (D.I.21). On or about June 3, 2005, a waiver of service was returned executed as to defendant Cannon. (D.I.22). On or about June 8, 2005, counsel entered an appearance for defendant Cannon as well as filed a motion for enlargement of time until on or before June 23, 2005, to file a responsive pleading. (D.I.23-24). Defendant's motion for enlargement was granted on or about June 8, 2005. This is a Memorandum of points and authorities in support of defendant Raphael Williams's Motion for Judgment on the Pleadings.

    4.    The plaintiff brings this suit pursuant to 42 U.S.C. § 1983 alleging Eighth Amendment Constitutional violations of cruel and unusual punishment. (Complaint, *passim*). Plaintiff alleges that on or about August 17, 2004, while on recreation he needed to use the toilet and requested defendant Cannon open his cell door. *Id.* According to the plaintiff, defendant Cannon initially refused plaintiff's request explaining that the cell doors had been opened twenty minutes earlier and plaintiff should have used the toilet then. *Id.* Nevertheless, Defendant Cannon opened plaintiff's cell door thus permitting him entry. Plaintiff alleges, however, Officer Cannon ordered plaintiff to remain in his cell until recreation was over at 10:30. *Id.* Plaintiff's entire complaint is about the circumstances surrounding Officer Cannon's alleged 10-minute delay in opening plaintiff's cell door. Not one allegation in plaintiff's complaint is addressed to or relates to defendant Raphael Williams.

    5.    When considering a motion to dismiss pursuant to Rule 12 (c), a court must

"accept the allegations in the complaint as true, and draw all reasonable factual inferences in favor of the plaintiff." *Turbe v. Gov't of the Virgin Islands,* 938 F.2d 427, 428 (3d Cir.1991). The motion can be granted "only if no relief could be granted under any set of facts that could be proved." *Id.* However, the court need not adopt conclusory allegations or statements of law. *In re General Motors Class E Stock Buyout Sec. Litig.*, 694 F.Supp. 1119, 1125 (D.Del.1988). "Judgment on the pleadings should be granted only if it is clearly established that no material issue of fact remains to be resolved and that the movant is entitled to judgment as a matter of law." *Rodriguez v. Stephenson*, 243 F.Supp. 2d 58, 62 (D. Del. 2002) (quoting *Travelers Indem. Co. v. Stedman,* 895 F.Supp. 742, 745-46 (E.D.Pa.1995)).There are three bases supporting defendant's argument that no relief can be granted plaintiff from the defendant and that he is entitled to judgment as a matter of law. First, the Eleventh Amendment immunizes defendant Raphael Williams from suit in his official capacity and deprives the District Court of subject matter jurisdiction over plaintiff's claims. Secondly, the complaint fails to allege any personal involvement by defendant Williams in the issues raised in plaintiff's complaint. Lastly, it appears the plaintiff bases the liability of defendant Williams on the theory of *respondeat superior* in contradiction to longstanding jurisprudence regarding supervisory liability under 42 U.S.C. § 1983. Defendant Williams submits that accepting the allegations in the complaint as true and drawing all reasonable factual inferences in favor of the plaintiff, the Court is unable to grant relief under any set of facts that could be proved by the plaintiff. Accordingly, defendant Raphael Williams is entitled to judgment on the pleadings in his favor pursuant to Federal Rule of Civil Procedure 12 (c).

   6.  The plaintiff's complaint specifically names defendant Raphael Williams as Prison Warden, claiming that the defendant in his official capacity is liable for any alleged harm

that the plaintiff incurred. The Eleventh Amendment provides that "the Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by Citizens or Subjects of any Foreign State." While the Amendment does not facially bar suits against the State by its citizens, the United States Supreme Court has held that in the absence of consent, a state is "immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974).

The Eleventh Amendment stands "for the constitutional principle that State sovereign immunity limit[s] the federal courts' jurisdiction under Article III." *Seminole Tribe of Florida v. Florida*, 517 U.S. 44 (1996). "The Eleventh Amendment limits federal judicial power to entertain lawsuits against a State and, in the absence of congressional abrogation or consent, a suit against a state agency is proscribed." *Neeley v. Samis*, 183 F. Supp. 2d 672, 678 (D. Del. 2002) (*quoting Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 98-100, (1984)). The United States Congress can waive the state's sovereign immunity, and therefore, its Eleventh Amendment immunity through the Fourteenth Amendment; however, only a clear indication of Congress' intent to waive the states' immunity will produce this result. *Seminole Tribe,* 517 U.S. at 44. No such clear intent can be seen in 42 U.S.C. §1983. In fact, a review of the statute demonstrates that Congress did not intend to waive the states' immunity. The statute facially allows suits only to be brought against "persons." 42 U.S.C. §1983. Neither the State of Delaware, nor agencies or officials of the State of Delaware are "persons" as contemplated by 42 U.S.C. § 1983.

7.      A suit against state officials in their official capacities is treated as a suit against the State. *Hafer v. Melo*, 502 U.S. 21 (1991). Under federal law, the defendant in his official

capacity is not a "person" for the purposes of 42 U.S.C. § 1983. *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 71 (1989). Consequently, given this categorization, this Court lacks jurisdiction over the defendant Raphael Williams in his official capacity, and defendant is outside the class of persons subject to liability under 42 U.S.C. § 1983. Accordingly, the plaintiff's complaint against defendant Raphael Williams should be dismissed based on the Eleventh Amendment to the United States Constitution.

8. Plaintiff's complaint fails to indicate any personal involvement by the named defendant, Raphael Williams. In actions brought pursuant to 42 U.S.C. § 1983, an individual cannot be held liable in the absence of personal involvement or knowing acquiescence of the alleged deprivation. *Pennsylvania v. Porter,* 659 F.2d 306, 336 (3d Cir. 1981) *cert. denied,* 458 U.S. 1121 (1982). "[T]he officials' misconduct cannot be merely a failure to act. Such officials must have played an affirmative role in the deprivation of the plaintiffs' rights, i.e., there must be a causal link between the actions of the responsible officials named and the challenged misconduct." *Id.* Without identifying how he participated in, personally directed, or acquiesced in the events which he claims deprived him of constitutional rights, defendant Raphael Williams cannot be held liable and dismissal is appropriate. *Gay v. Petsock*, 917 F.2d 768, 771 (3d Cir.1990); *Rode v. Dellarciprete,* 845 F.2d 1195, 1207 (3d Cir. 1988). To show "deliberate indifference," a plaintiff must demonstrate a sufficiently culpable state of mind on the part of the defendant. *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 828 (1994).

Plaintiff's complaint fails to allege any affirmative act or failure to act by defendant Williams other than his role as "Prison Warden." There is no allegation that defendant Williams had any personal knowledge of or involvement in the alleged incident. Accordingly, the plaintiff's complaint naming Williams as a defendant should be dismissed because the plaintiff

fails to allege any personal involvement by defendant Williams in any of the allegations stated in the complaint.

9.      It appears that plaintiff in his complaint attempts to hold defendant Williams liable based upon his supervisory position as Warden of Gander Hill. In a complaint filed pursuant to 42 U.S.C. § 1983, a supervisory official cannot be held liable under the theory of *respondeat superior. Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). ("A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*.") The Third Circuit has clearly set forth the standard for establishing liability for supervisory officials. *See Sample v. Diecks*, 885 F.2d 1099 (3d Cir. 1989). The Court in *Sample* employed the Supreme Court's framework for establishing liability of municipal entities, establishing a similar test for establishing liability of supervisory personnel. *Id.* at 1116-1118; *See also City of Canton v. Harris*, 489 U.S. 378, 388 (1989), *Wilson v. Seiter*, 501 U.S. 294 (1991). *Sample* states that "a 'person' is not the 'moving force [behind] the constitutional violation' of a subordinate, unless that 'person' . . . has exhibited deliberate indifference to the plight of the person deprived." *Sample*, 885 F.2d at 1118 (citations omitted). To successfully plead and establish "deliberate indifference," Plaintiff must prove both an objective and a subjective component. The subjective component requires a showing that Defendant Williams acted with a culpable state of mind; the objective component requires establishing a serious deprivation which clearly rises to the level of a constitutional right. *Wilson,* 501 U.S. at 298. Moreover, defendant Raphael Williams cannot be held liable on the basis of a failure to adequately supervise or control the conduct of subordinates. *Anela v. City of Wildwood*, 790 F.2d 1063, 1068 (3d Cir. 1986), *cert. denied* 479 U.S. 949 (1987), *citing Fisher v. Washington Metropolitan Transit Authority*, 690 F.2d 1133, 1142-1143 (4th Cir. 1982).

Rather, Plaintiff must: 1) identify with particularity what the *supervisory official* failed to do which amounts to deliberate indifference; and 2) demonstrate a close causal connection between the identified deficiency and the ultimate injury.  *Pennsylvania v. Porter*, 659 F.2d at 336. Plaintiff has failed to establish either element in his claim; therefore, judgment on the pleadings in favor of defendant Raphael Williams is appropriate. Because there is no legal or factual basis to recover against defendant Raphael Williams, judgment on the pleadings pursuant to Rule 12 (c) of the federal Rules of Civil Procedure is appropriate.

**WHEREFORE** for the foregoing reasons, defendant Raphael Williams respectfully requests that this Honorable Court enter an order for dismissal of plaintiff's complaint in his favor.

**STATE OF DELAWARE**
**DEPARTMENT OF JUSTICE**

/s/ Ophelia M. Waters
Ophelia M. Waters, ID#3879
Deputy Attorney General
Department of Justice
State of Delaware
Carvel State Office Building, 6th Floor
820 N. French Street
(302) 577 – 8400

ophelia.waters@state.de.us

Dated: June 23, 2005

**CERTIFICATE OF SERVICE**

I hereby certify that on June 23, 2005, I electronically filed *Defendant Raphael Williams' Memorandum of Points and Authorities in Support of His Motion to Dismiss* with the Clerk of Court using CM/ECF.  I hereby certify that on June 23, 2005, I have mailed by United States Postal Service, the document to the following non-registered participant:

    Cornelius Harley, Inmate
    SBI#00117751
    Howard R. Young Correctional Facility (Gander Hill)
    1301 East 12th Street
    Wilmington, De  19809

    /s/ Ophelia M. Waters
    Ophelia M. Waters, ID#3879
    Deputy Attorney General
    Attorney for Defendant
    Carvel State Office Building
    820 N. French Street, 6th Floor
    Wilmington, DE 19801
    302-577-8400
    ophelia.waters@state.de.us